UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHELLE GILMORE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAN ALLEN, INC. d/b/a CORKY & ) | |
| LENNY'S and AMANDA KURLAND and ) | |
| KENNETH KURLAND ) | |
| ) | **JURY DEMAND** |
| Defendants. ) | **ENDORSED HEREON** |

## COLLECTIVE ACTION COMPLAINT FOR UNPAID MINIMUM AND OVERTIME WAGES

Plaintiff Michelle Gilmore ("Gilmore"), individually and on behalf of all others similarly situated, alleges as follows for her Complaint against Defendants San Allen, Inc. d/b/a Corky & Lenny's ("Corky and Lenny's"), Amanda Kurland, and Kenneth Kurland ("Kenny Kurland") (collectively, "Defendants"):

1. Gilmore began working for Defendants more than three years ago.

2. Gilmore worked for Defendants as a server.

3. Amanda Kurland was an owner and manager of Corky and Lenny's during Gilmore's employment.

4. Kenny Kurland was an owner and manager of Corky and Lenny's during Gilmore's employment.

5. Amanda Kurland acted directly or indirectly in the interest of Corky and Lenny's in relation to Gilmore and similarly situated employees.

6. Kenny Kurland acted directly or indirectly in the interest of Corky and Lenny's in relation to Gilmore and similarly situated employees.

7. Amanda Kurland had operational control of Corky and Lenny's.

8. Kenny Kurland had operational control of Corky and Lenny's.

9. Amanda Kurland was involved in the day-to-day operation of Corky and Lenny's, had some direct responsibility for the supervision of Gilmore and similarly situated employees, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Gilmore and similarly situated employees.

10. Kenny Kurland was involved in the day-to-day operation of Corky and Lenny's, had some direct responsibility for the supervision of Gilmore and similarly situated employees, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Gilmore and similarly situated employees.

11. Amanda Kurland had an economic interest in not paying Gilmore and similarly situated employees minimum wage for all hours worked.

12. Kenny Kurland had an economic interest in not paying Gilmore and similarly situated employees minimum wage for all hours worked.

13. Defendants were the employers of Gilmore and similarly situated employees.

14. Similarly situated employees are all individuals who (a) had thirty minutes deducted for lunch breaks that they did not take or (b) were not paid at least time-and-a-half their regular rate of pay (i.e., the amount of direct cash wages paid plus the tip credit amount claimed by the employer) minus any applicable tip credit for their hours worked over forty in a workweek. *See* 29 C.F.R. § 531.60.

15. Defendants paid Gilmore and similarly situated employees at an hourly rate.

16. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

17. This Court has personal jurisdiction over the parties to this action.

18. Venue is proper in the Northern District of Ohio because Defendants conducted activity that gives rise to the claim for relief in this district and because part of the claim for relief arose in this district.

19. Gilmore consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

20. Defendants' revenues exceeded $500,000 per year during Gilmore's employment with Defendants.

21. Corky and Lenny's is an Ohio corporation, which did business in Cuyahoga County, Ohio during Gilmore's employment.

22. Corky and Lenny's is an enterprise engaging in interstate commerce.

23. Gilmore and other current and former employees of Defendants are similarly situated, because they were subjected to Defendants' common practice and policies of (a) deducting time for a lunch break regardless of whether these employees took a lunch break and (b) not paying at least the applicable time-and-a-half overtime rate when employees worked over forty hours in a workweek.

24. Gilmore has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if she is successful on one or more of the claims set forth herein.

25. Defendants automatically deducted 30-minutes for any shift of six or more hours that any of their employees worked.

26. Defendants describe the automatic 30-minute lunch break deduction in Corky and Lenny's handbook.

27. Defendants made automatic lunch breaks deductions regardless of whether Gilmore and similarly situated employees actually took a lunch break.

28. Since 2020, Gilmore has taken a lunch break on fewer than one occasion per month.

29. Prior to 2020, Defendants had a sheet that its employees could complete to notify Defendants that they had not taken a lunch break.

30. After 2020, Defendants no longer had a sheet for its employees to complete to notify Defendants that they had not taken a lunch break.

31. Gilmore complained to Defendants about its practice of automatically deducting time for lunch breaks even when she was not taking lunches.

32. Gilmore made her complaints of automatic deductions despite not taking her lunch breaks to Amanda Kurland.

33. In response to Gilmore's complaints of automatic lunch deductions occurring despite her not taking lunch breaks, Amanda Kurland told Gilmore that she would keep track of the days when Gilmore worked and would not take out pay for those untaken breaks. Despite this promise, Defendants still took out thirty minutes for all of Gilmore's shifts lasting more than six hours, including when Gilmore did not take a lunch break.

34. Defendants offered no options whatsoever for Gilmore and similarly situated employees to receive compensation for the automatic lunch break deductions that Defendants made.

35. On numerous occasions, Gilmore and similarly situated employees worked over forty hours in a workweek.

36. On the weeks in which Gilmore and similarly situated employees worked over forty hours in a workweek, instead of paying Gilmore and similarly situated employees at least one-and-

a-half times their regular rate of pay minus any applicable tip credit (*e.g.*, $9.30 per hour (minimum regular rate of pay for tipped employees in Ohio in 2022) * 1.5 (time-and-a-half overtime rate) = $13.95 - $4.65 (maximum tip credit permitted in Ohio in 2022) = $9.30 per hour (minimum overtime rate of pay for tipped employees in Ohio in 2022)), Defendants paid only 1.5 times the tipped employee minimum wage, which was less than Defendants were required to pay.

37. For hours that Gilmore worked over forty in a workweek, Defendants paid Gilmore (at most) only $6.98 per hour, which was 1.5 times the tipped employee minimum wage in 2022 ($4.65 * 1.5 = $6.98), and was less than Defendants were obligated to pay Gilmore and similarly situated employees for their hours worked over forty in a workweek. A true and correct copy of Gilmore's March 24, 2022 paystub with a deficient overtime wage rate is attached hereto as Exhibit B.

## COUNT I
## UNPAID MINIMUM WAGE

38. Gilmore and similarly situated employees re-allege each allegation set forth in paragraphs 1-37 above.

39. Defendants are required to comply with minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

40. Defendants have violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Gilmore and similarly situated employees at least minimum wages for all hours worked.

41. Gilmore and similarly situated employees have been damaged by Defendants' non-payment of minimum wages.

42. In addition to being entitled to unpaid back wages, Gilmore and similarly situated employees are also entitled to an additional two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

43. Defendants' conduct with regard to not paying minimum wages to Gilmore and similarly situated employees was willful.

44. Defendants are liable for the costs and reasonable attorney's fees of Gilmore and similarly situated employees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT II
## UNPAID OVERTIME WAGES

45. Gilmore and similarly situated employees re-allege each allegation set forth in paragraphs 1-44 above.

46. Gilmore and similarly situated employees worked more than 40 hours in a workweek for Defendants.

47. Defendants did not pay Gilmore and similarly situated employees at least time-and-a-half their regular rate of pay minus any applicable tip credit for hours that Gilmore and similarly situated employees worked over forty in a workweek.

48. Defendants are required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

49. Defendants were Gilmore and similarly situated employees' employers.

50. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Gilmore and similarly situated employees at least time-and-a-half their regular rate of pay minus the applicable tip credit for hours that Gilmore and similarly situated employees worked over forty in a workweek.

51. Defendants' conduct with regard to not paying the applicable time-and-a-half overtime rate was willful.

52. Gilmore and similarly situated employees have been damaged by Defendants' non-payment of the applicable time-and-a-half overtime rate.

53. Gilmore and similarly situated employees are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

54. Defendants are liable for the costs and reasonable attorney's fees of Gilmore and similarly situated employees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Gilmore and similarly situated employees demand judgment against Defendants for their unpaid minimum and overtime wages, liquidated damages, treble damages, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiffs*